The opinion of the Court was delivered by
Wardlaw, J.
To the report accompanied by the deed of conveyance from John Burgess to Wiley Glover, it is necessary for a full understanding of the case, only to add, that, under the partition which was made of Wiley Glover’s lands, the half tract conveyed to him by Burgess, has passed from the plaintiffs, his heirs at law.
The plaintiffs here contend that by Burgess’ deed an interest in the soil of the other half tract was conveyed to Wiley Glover, which interest, yet undividéd, has descended to the plaintiffs, and is of such substantial nature, as will sustain this action of trespass guare clausum fregit, against the defendants, the owners of this other half tract, for cutting timber trees thereon.
If the cutting of defendants was confined to the parcel of three hundred and twenty-three acres, which Mrs. Clark conveyed, all her interest therein has ceased, she and her husband should- not have been amongst the plaintiffs, and for the misjoinder of them, a nonsuit should be ordered. But on this head the evidence was too doubtful for us to venture, after a verdict in favor of the plaintiffs to dismiss the action upon any deduction of fact which we might make.
*624 What interest in the second half tract did the deed convey to Glover? Neither the covenant concerning the timber nor any other part of the deed shows words or circumstances, which indicate the intention of the parties, that all the timber was immediately, or within aDy reasonable term, to be severed from the soil. On the contrary, the word use, with its context, implies, not destruction, but such enjoyment as will leave a remainder; and the reservation shows that so long as the domestic use of the grantor (if not of the half tract kept by him) should require, timber was contemplated as remaining. There would then be no propriety in applying to this case the doctrine that timber trees sold should be regarded as severed, and so shall pass to the executor.(a)
An interest connected with the land on which the timber was growing, was, we conceive, embraced in the covenant. But of what kind? Was it corporeal — the trees themselves with soil sufficient for nutriment ? or was it incorporeal, the right to cut and remove timber, with the necessary incidents of ingress, and regress ? There are no words transferring the title of the timber, but the terms employed are well adapted to show that a right to use timber growing on another’s land was intended to be conferred.
Such a right in alieno solo(b) like, common of turbary, or the right to take coal or ore from another’s land, is when assignable not properly an easement but a profit a preftdre,(c) which may be acquired by grant or prescription; and a covenant by the owner of the soil that it shall exist, amounts to a grant of it. If the right be not assignable, but a mere personal privilege, the covenant gives an irrevocable license for its exercise.
The plaintiffs have contended that the reservation for the domestic use of Burgess, was void. This reservation (more *625 properly called an exception) is more precise than tbe right conferred upon Grlover; but without any exception the grant containing no words of exclusion, would not have prevented the owner of the soil from exercising thereon the same privilege which he, had granted to another .(a) The exception serves to give some definiteness to the grant, by raising the implication that the grantee’s right was intended to extend to all of the timber, except what the domestic use of the grantor should require. Without the exception, Grlover could not have complained that others were permitted to use, if he was not obstructed, while the timber lasted. With the exception, Grlover could not say “ this tree is mine and that is yours.” It is not of cutting merely by the owner of the soil that he could have complained, but of cutting which was not within the exception, and which led to a diminution of his profit.
The conclusion which we have attained must result in the nonsuit of the plaintiffs, for the invasion of an incorporeal right cannot be redressed by an action of trespass guare clausum fregit.
Was the interest granted to Grlover a transmissible one? If so, was it a right in gross ? or was it appurtenant to the land conveyed to him, or to the mill said to be on that land ? Was it devisable?
These questions we have not decided; and we mention them lest it might be inferred from the obseryations that have been made on the point which has been found sufficient, that an opinion as to either of them is involved in our decision.
The motion for nonsuit is granted.
O’NEALL, WITHERS, Whither, GIlover, and MUNRO, JJ., concurred. •

Nonsuit granted.

(a) See cases collected in note Green Ev. 211 2d edition.

(b) Oo. Litt. 4.

(c) Ebb. 131; 5 Ad. & El. 413 758.

(a) Co. Lit. 165; Leon. 147 ; 4 East. 469.